An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-361

Filed 7 January 2026

Cleveland County, No. 23 CVD 001171-220

DAVID PEACE & KIM PEACE, Plaintiffs,

v.

JEFFREY TALMADGE WILLIS as Executor
of the ESTATE OF SYBIL BRIDGES WILLIS, Defendant.

Appeal by Defendant from order entered 11 September 2024 by Judge Justin K. Brackett in Cleveland County District Court. Heard in the Court of Appeals 28 October 2025.

> *King Law Offices, by Jeffrey L. Day, for Plaintiffs–Appellees.*
>
> *Jeffrey T. Willis, pro se, Defendant–Appellant.*

MURRY, Judge.

In his capacity as the executor of Sybil Bridge Willis's (Decedent) estate, Jeffrey T. Willis (Defendant) appeals the trial court's order granting summary judgment for David and Kim Peace (Plaintiffs) on the question of their entitlement to specific performance of an option contract executed between them and Decedent. For the reasons discussed below, this Court affirms the trial court.

## I.    Background

Prior to her death on 7 April 2023, Plaintiffs rented a property from Decedent. As part of their lease contract executed on 16 August 2018, these three parties included as a purchase option provision:

> For $10 and other valuable consideration, Plaintiffs are hereby granted the right and option of purchasing the entire 41.6 acres described in the aforesaid deed . . . . This option shall be exercisable upon Plaintiffs giving Decedent's Executor written notice of their election to exercise said option . . . within 90 days of Decedent's death. The purchase price shall be $136,000.

(Brackets omitted.) The lease contract further specified that Plaintiffs could provide this notice either by "serv[ing] personally or sen[ding] by first-class mail, postage prepaid" to Decedent at "1229 Brookwood Drive, Shelby, N.C. 28150." Mrs. Peace notified Defendant via text and phone of Plaintiffs' desire to execute the option on 20 June 2022. Plaintiffs then sent him written notice by first-class mail to the address, where Defendant "ha[d] been staying since late April" of that year.

Plaintiffs initiated this suit in response to Defendant's repeated sale refusals and sent him a discovery request for admissions, in which he admitted to receiving both of these notifications. At the summary-judgment hearing on 30 July 2024, Defendant confirmed his understanding of these two events. On 11 September 2024, the trial court awarded summary judgment to Plaintiffs and ordered specific performance of the option. Defendant timely appealed.

## II.    Jurisdiction

This Court has jurisdiction to hear Defendant's appeal of the trial court's order because its summary judgment for Plaintiffs is a "final judgment of a district court in a civil action." N.C.G.S. § 7A-27(b)(2) (2025).

### III.    Analysis

On appeal, Defendant argues that the trial court erred by granting summary judgment in favor of Plaintiffs and ordering specific performance of their purchase option. A trial court may award summary judgment only if the pretrial filings "show . . . no genuine issue as to any material fact and . . . any party['s] entitle[ment] to a judgment as a matter of law." N.C. R. Civ. P. 56(c). A fact is material if it "would persuade a reasonable mind to accept a conclusion," while "[a]n issue is material if the facts alleged would affect the result of the action." *Murray v. Deerfield Mobile Home Park, LLC*, 277 N.C. App. 480, 486 (2021) (quotations and ellipsis omitted). A movant can meet his "burden of establishing . . . no triable issue of material fact" in relevant part "by showing through discovery that" the non-movant "cannot surmount an affirmative defense that would bar the claim." *Id.* (quotation omitted). Reviewing *de novo*, this Court affirms the trial court's summary judgment for Plaintiffs. *Id.*

A contract is "simply a promise supported by consideration which arises . . . when the terms of an offer are accepted by the party to whom it is extended." *McLamb v. T.P., Inc.*, 173 N.C. App. 586, 588 (2005) (alteration in original) (quoting 17 C.J.S. *Contracts* § 2 (1999)). The particular type of contract at issue here is an "option," in which a property "owner agrees to give another the exclusive right to buy property at

a fixed price within the specified time." *Normile v. Miller*, 313 N.C. 98, 105 (1985) (quoting 8A G. Thompson, *Commentaries on the Modern Law of Real Property* § 4443 (1963)). "[V]aluable consideration" must support the option contract, which the offeree must execute within "a specified period of time" according to any "companion language" that may specify additional performance requirements. *Id.* at 105–06. And if a defendant breaches an option contract for real estate, plaintiffs "may obtain specific performance of [the] contract to convey land" regardless of whether "it deprives [him] of the appreciated value of the[ ] property which exceeds the fixed price." *Texaco, Inc. v. Creel*, 310 N.C. 695, 704, 706 (1984).

Here, Plaintiffs adduced clear evidence that they executed an option contract with Decedent granting them an "option of purchasing the entire 41.6 acres described in the" deed. The contested provision rendered this option "exercisable upon [Plaintiffs] giving . . . [the e]xecutor written notice of [their] election to exercise said option," which he must "receive[ ] within [ninety] days of [Decedent]'s death." In so notifying the executor, Plaintiffs agreed to pay $136,000 for the property. They could either "serve[ ] personally or sen[d] by first-class mail" this notice to Decedent's address.

When Decedent died on 7 April 2023, Plaintiffs took timely steps to notify Defendant. On 20 June 2022, Mrs. Peace both texted and spoke to Defendant about their "read[iness] to sign the papers" for the option sale. On 3 July 2022, Plaintiffs mailed a first-class letter to the address specified in the option contract. Both of these

dates fall within the required ninety-day window. Not only did Defendant confirm both notifications in his answer to Plaintiffs' pretrial request for admissions, he also admitted in open court that "Mrs. Peace was trying to exercise her option; no doubt about it." (Brackets omitted.) Because Plaintiffs "show[ed] through discovery" that they have a legally sound claim for specific performance of the option contract, this Court affirms the trial court's award of summary judgment to Plaintiffs. *Murray*, 277 N.C. App. at 486 (quotation omitted).

## IV.    Conclusion

For the reasons discussed above, this Court affirms the trial court's order granting summary judgment for Plaintiffs.


AFFIRMED.

Judges COLLINS and FLOOD concur.

Report per Rule 30(e).